**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-7245**

_____

VINCENT EUGENE WILLIAMS,

              Petitioner - Appellant,

       v.

HAROLD CLARKE, Director, Virginia Department of Corrections,

              Respondent - Appellee.

_____

**No. 13-7246**

_____

VINCENT EUGENE WILLIAMS,

              Petitioner - Appellant,

       v.

HAROLD CLARKE, Director, Virginia Department of Corrections,

              Respondent - Appellee.

_____

Appeals from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge. (3:11-cv-00417-REP; 3:12-cv-00305-REP)

_____

Submitted:  November 19, 2013      Decided:  November 22, 2013

_____

Before WYNN and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

———————————

Vincent Eugene Williams, Appellant Pro Se.  Eugene Paul Murphy, Lara Kate Jacobs Todd, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vincent Eugene Williams seeks to appeal the district court's orders denying relief on his 28 U.S.C. § 2254 (2006) petition and his Fed. R. Civ. P. 60(b) motion to reconsider. The orders are not appealable unless a circuit justice or judge issues a certificate of appealability. See 28 U.S.C. § 2253(c)(1)(A) (2006). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

Regarding the order denying Williams' initial § 2254 petition, we have independently reviewed the record and conclude that Williams has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

3

Williams also seeks to appeal the district court's order treating his Fed. R. Civ. P. 60(b) motion as a successive 28 U.S.C. § 2254 (2006) petition, and dismissing it on that basis. This order is also not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); Reid, 369 F.3d at 369. We have independently reviewed the record and conclude that Williams has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal. Additionally, we construe Williams' notice of appeal and informal brief as an application to file a second or successive § 2254 petition. United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2254 petition, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty of the offense. 28 U.S.C. § 2244(b)(2) (2006). Williams' claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2254 petition.

4

We dispense with oral argument and deny Williams' motion to sanction state attorney general's office because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED</u>